

SEDGWICK LLP
STEPHANIE A. SHERIDAN, State Bar No. 135910
*stephanie.sheridan@sedgwicklaw.com*
ANTHONY J. ANSCOMBE, State Bar No. 135883
*anthony.anscombe@sedgwicklaw.com*
MEEGAN B. BROOKS, State Bar No. 298570
*meegan.brooks@sedgwicklaw.com*
333 Bush Street, 30th Floor
San Francisco, CA 94104-2834
Telephone: 415.781.7900
Facsimile: 415.781.2635

Attorneys for Defendant
J. CREW, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ADAM PRESS, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> J. CREW, INC., <br><br> Defendant. | CASE NO. 2:17-cv-04315-JFW-AGR <br><br> The Hon. John F. Walter <br><br> **DEFENDANT J. CREW, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** <br><br> Date: September 11, 2017 <br> Time: 1:30 p.m. <br> Crtm: 7A First Street Courthouse |

Sedgwick LLP

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on September 11, 2017, or as soon thereafter as the matter may be heard, in Courtroom 7A of the above-entitled Court, at 350 West 1st Street, Los Angeles, California 90012, Defendant J. Crew, Inc. ( "J. Crew") will and hereby does move for an order dismissing Plaintiff Adam Press' ("Plaintiff") Complaint in its entirety, pursuant to Rules 8, 9(b), 12(b)(1), 12(b)(6) and 12(g) of the Federal Rules of Civil Procedure.

Plaintiff does not allege any facts to support his allegation that the price of the shirts he purchased was false or deceptive, much less the specific factual allegations required under Rule 9(b). Additionally, Plaintiff is not entitled to any of the relief he seeks. His claims for injunctive relief and restitution are both barred, because Plaintiff has an adequate remedy for his alleged injuries through his forthcoming claim for CLRA damages. Regardless, Plaintiff lacks Article III standing to seek injunctive relief, because he is not at risk of being injured in the future. Plaintiff has also not alleged facts to show any entitlement to restitution, because he has not alleged that any of the items he purchased have less value than the amount of money he spent.

This Motion is based on this Notice of Motion and Motion; the attached Memorandum of Points and Authorities in support of the Motion; the Declaration of Stephanie Sheridan in support of the Motion; and on all other matters that may be judicially noticed or produced at the hearing of this matter. Pursuant to Local Rule 7-3, the Parties met and conferred on July 27, 2017.

DATED: August 4, 2017          SEDGWICK LLP

By: /s/ **Stephanie Sheridan**
          Stephanie Sheridan
          Anthony Anscombe
          Meegan Brooks
          Attorneys for Defendant
          J. CREW, INC.

84892270v4                          -1-                    CASE NO. 2:17-cv-04315-JFW-AGR
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES..................................................1

I.     INTRODUCTION AND SUMMARY OF ARGUMENT ................................1

II.    PLAINTIFF'S ALLEGATIONS..................................................................2

    A.    What Is in the Complaint ...............................................................2

    B.    What Is Not in the Complaint .......................................................3

III.   ARGUMENT ...................................................................................5

    A.    Plaintiff Lacks Standing to Represent the Vast Majority of the Putative Class ....................................................................................5

        1.    Federal Rule of Civil Procedure 12(b)(1).........................5

        2.    Plaintiff Lacks Standing to Bring Claims on Behalf of Purchasers Who Bought Products Other than the Same Shirts He Did .......................................................................5

        3.    At a Minimum, Plaintiff's Claims as to J. Crew Mercantile Must Be Dismissed and Stricken from the Complaint .................8

    B.    Plaintiff Fails To State A Claim For Relief..............................................10

        1.    Legal Standard Applicable Under Rule 12(b)(6) ........................10

        2.    Plaintiff fails to Allege Facts to Support His Claim that J. Crew's Pricing is False .......................................................11

        3.    Plaintiff's Other Claims Also Fail .................................15

    C.    Plaintiff Is Not Entitled to Any of the Relief He Seeks ..........................16

        1.    Plaintiff's Claims for Equitable Relief are Precluded Because He has an Adequate Remedy at Law .............................16

        2.    Plaintiff Lacks Standing To Seek Injunctive Relief Because He Will Not Be Deceived in the Future ........................................19

        3.    Plaintiff Is Not Entitled to Restitution .......................................22

IV.    CONCLUSION ...................................................................................23

# TABLE OF AUTHORITIES

**Page**

## CASES

*Adams v. I-Flow Corp.*
    No. CV09-09550 R (SSx), 2010 U.S. Dist. LEXIS 33066 (C.D. Cal.
    Mar. 30, 2010) ..................................................................................................... 18

*Algarin v. Maybelline*
    300 F.R.D. 444 (S.D. Cal. 2014) ......................................................................... 21

*Ashcroft v. Iqbal*
    129 S. Ct. 1937 (2009) ......................................................................................... 10

*Azimpour v. Sears, Inc.*
    Case No. 3:15-cv-02798-JLS-WVG, 2016 WL 7626188 (S.D. Cal, Oct.
    17, 2016) .................................................................................................... 9, 12, 14

*Barber v. DSW*
    SACV 15-2024-JGB (C.D. Cal. April 4, 2016) .................................................. 12

*Bates v. United Parcel Serv., Inc.*
    511 F.3d 974 (9th Cir. 2007) ............................................................................... 19

*Belcastro v. Burberry Ltd.*
    2017 WL 744596 (S.D.N.Y. 2017) ..................................................................... 23

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007) ............................................................................................ 10

*Bly-Magee v. California*
    236 F.3d 1014 (9th Cir. 2001) ............................................................................. 11

*Branca v. Nordstrom, Inc.*
    No. 14CV2062-MMA JMA, 2015 WL 1841231 (S.D. Cal. Mar. 20,
    2015) .................................................................................................................. 9, 12

*Bruton v. Gerber Products Co.*
    961 F. Supp. 2d 1062 (N.D. Cal. 2013) ................................................................ 8

*Cafasso ex rel. United States v. Gen. Dynamics C4 Sys., Inc.*
    637 F.3d 1047 (9th Cir. 2011) ........................................................................ 11, 15

*Camasta v. Jos. A. Bank Clothiers, Inc.*
    761 F.3d 732 (7th Cir. 2014) ............................................................................... 21

*Camasta v. Jos. A. Bank Clothiers, Inc.*
    761 F.3d 732 (7th Cir. 2014) ......................................................................... 20, 23

Sedgwick

*Car Carriers, Inc. v. Ford Motor Co.*
745 F.2d 1101 (7th Cir. 1984)........................................................................16

*Carrea v. Dreyer's Grand Ice Cream, Inc.*
2011 U.S. Dist. LEXIS 6371, 2011 WL 159380 (N.D. Cal. Jan 10, 2011)..........................................................................................................6

*Chowning v. Kohl's Dep't Stores, Inc.*
No. 15-cv-08673-RGK, 2016 WL 1072129 (C.D. Cal. Mar. 15, 2016).........22

*Curtis v. Loether*
415 U.S. 189 (1974) ......................................................................................17

*Dennis v. Ralph Lauren Corp.*
No. 16-cv-1056, 2016 WL 7387356 (S.D.Cal., Dec. 20, 2016) .....................12

*Durkee v. Ford Motor Co.*
2014 U.S. Dist. LEXIS 122857, 2014 WL 4352184 (N.D. Cal. Sept. 2, 2014)............................................................................................................18

*Duttweiler*
2015 U.S. Dist. LEXIS 109805 ................................................................17, 18

*Fonseca v. Goya Foods, Inc.*
No. 16-CV-02559-LHK, 2016 U.S. Dist. LEXIS 121716 (N.D. Cal. Sep. 8, 2016).......................................................................................................17

*Gest v. Bradbury*
443 F.3d 1177 (9th Cir. 2006).......................................................................19

Granfield v. NVIDIA Corp.
2012 WL 2847575 (N.D. Cal. 2012)................................................................6

*Hairston v. S. Beach Bev. Co.*
No. CV 12-1429-JFW (DTBx), 2012 U.S. Dist. LEXIS 74279 (C.D. Cal. May 18, 2012)....................................................................................6, 7

*Haley v. Macy's, Inc.*
No. 15-cv-06033-HSG, 2017 U.S. Dist. LEXIS 105469 (N.D. Cal. July 7, 2017)........................................................................................12, 13, 20

*Haskins v. Symantec Corp.*
654 F. App'x 338  (9th Cir. 2016)...................................................................8

*Haskins v. Symantec Corp.*
654 F. App'x 338 (9th Cir. 2016).....................................................................6

*In re Ditropan XL*
529 F. Supp. 2d 1098 (N.D. Cal. 2007) ...........................................................9

*In re Ferrero Litig.*
794 F. Supp. 2d 1107  (S.D. Cal. 2011) ...........................................................8

*In re iPhone 4s Consumer Litig.*
2016 WL 758346 (9th Cir. 2016).....................................................................11

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

*In re Tobacco Cases II*
    240 Cal. App. 4th 779 (2015)............................................................22

*In re Tobacco II Cases*
    46 Cal. 4th 298 (2009)......................................................................9

*Jacobo v. Ross Stores*
    No. CV-15-04701-MWF-AGR, 2016 WL 3482041 (C.D. Cal. 2016).....13, 15

*Jensen v. Quality Loan Serv. Corp.*
    702 F. Supp. 2d 1183 (E.D. Cal. 2010).............................................11

*Johns v. Bayer Corp.*
    2010 U.S. Dist. LEXIS 10926, 2010 WL 476688 (S.D. Cal. Feb. 9, 2010)......................................................................................6

*Johnson v. Jos. A. Bank Clothiers, Inc.*
    No. 2:13-cv-756, 2014 U.S. Dist. LEXIS 115113 (S.D. Ohio Aug. 19, 2014)....................................................................................23

*Kearns v. Ford Motor Company*
    567 F.3d 1120 (9th Cir. 2009)............................................................10

*Khasin v. R. C. Bigelow, Inc.*
    No. 12-cv-02204-WHO, 2016 U.S. Dist. LEXIS 42735 (N.D. Cal. Mar. 29, 2016)...........................................................................21

*Kim v. Carter's Inc.*
    598 F.3d 362 (7th Cir. 2010)...........................................................23

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
    511 U.S. 375 (1994)........................................................................5

*Kwikset Corp. v. Superior Court*
    51 Cal. 4th 310 (2011).....................................................................6

*Lacano Investments, LLC v. Balash*
    765 F.3d 1068 (9th Cir. 2014)..........................................................5

*Lewis v. Casey*
    518 U.S. 343 (1996).........................................................................9

*Lucas v. Jos. A. Bank Clothiers, Inc.*
    2015 WL 2213169 (S.D. Cal. 2015).................................................20

*Lujan v. Defenders of Wildlife*
    504 U.S. 555 (1992).........................................................................5

*Luman v. Theismann*
    2016 WL 1393432 (9th Cir. 2016)...................................................19

*Mahfood v. QVC, Inc.*
    2007 WL 9363986 (C.D. Cal. Feb. 7, 2007)....................................12

Sedgwick LLP

-iv-

CASE NO. 2:17-cv-04315-JFW-AGR

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

*Main v. Gateway Genomics, LLC*
　　No. 15cv2945 AJB (WVG), 2016 U.S. Dist. LEXIS 183034 (S.D. Cal.
　　Aug. 1, 2016) ...................................................................................................21

*Martin v. Cnty of L.A.*
　　51 Cal. App. 4th 688 (1996) ...........................................................................17

*Mehta v. Wells Fargo Bank, N.A.*
　　737 F. Supp. 2d 1185 (S.D. Cal. 2010) ..........................................................15

*Miller v. Ghirardelli*
　　912 F. Supp. 2d 861 (N.D. Cal. 2012) ..............................................................7

*Mlejnecky v. Olympus Imaging Am. Inc.*
　　No. 2:10 CV-02630 JAM, 2011 U.S. Dist. LEXIS 42333, 2011 WL
　　1497096 (E.D. Cal. Apr. 19, 2011) ...............................................................6, 7

*Morales v. Trans World Airlines, Inc.*
　　504 U.S. 374 (1992) ........................................................................................17

*Munning v. Gap, Inc.*
　　No. 16-cv-03804-TEH, 2017 U.S. Dist. LEXIS 26459 (N.D. Cal. Feb.
　　24, 2017) ..........................................................................................................18

*Neubronner v. Milken*
　　6 F.3d 666 (9th Cir. 1993) ...............................................................................11

*Nguyen v. Nissan N. Am., Inc.*
　　No. 16-CV-05591-LHK, 2017 U.S. Dist. LEXIS 55501 (N.D. Cal. Apr.
　　11, 2017) ....................................................................................................18, 21

*O'Donnell v. Bank of America Nat. Ass'n.*
　　504 Fed. Appx. 566 (9th Cir. 2013) ................................................................15

*Perez v. Nidek Co.*
　　711 F.3d 1109 (9th Cir. 2013) .........................................................................19

*Philips v. Ford Motor Co.*
　　No. 14-CV-02989-LHK, 2015 U.S. Dist. LEXIS 88937 ......................17, 18, 19

*Prudential Home Mortgage Co. v. Super. Ct.*
　　66 Cal. App. 4th 1236, 1249 (1998) ...............................................................17

*Rael v. Dooney & Bourke, Inc.*
　　No. 16cv0371 JM(DHB), 2016 U.S. Dist. LEXIS 96175 (S.D. Cal. July
　　22, 2016) ....................................................................................................13, 14

*Rahman v. Mott's LLP*
　　No CV 13-3482, 2014 U.S. Dist. LEXIS 147102 (N.D. Cal. Oct. 15,
　　2014) ................................................................................................................21

*Reed v. NBTY, Inc.*
　　2014 WL 12284044 (C.D. Cal. Nov. 18, 2014) .................................................8

Sedgwick<sub>LLP</sub>

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

*Rhynes v. Stryker Corp.*
No. 10-cv-5619 SC, 2011 U.S. Dist. LEXIS 58286, 2011 WL 2149095 (N.D. Cal. May 31, 2011)..................................................................................18

*Schroeder v. United States*
569 F.3d 956 (9th Cir. 2009)...........................................................................17

*Scripps Clinic v. Superior Court*
108 Cal. App. 4th 917 (4th Dist. 2003)............................................................15

*Shaulis v. Nordstrom, Inc.*
No. 15-2354, 2017 U.S. App. LEXIS 13545 (1st Cir. July 26, 2017)............23

*Sperling v. DSW Inc.*
No. EDCV 15-1366-JGB (SPx), 2016 U.S. Dist. LEXIS 11012 (C.D. Cal. Jan. 28, 2016).......................................................................................13

*Spokeo v. Robins*
Case No. 13-1339, 578 U.S. __ (May 16, 2016).................................................5

*Stathakos v. Columbia Sportswear Co.*
No. 15-cv-04543-YGR, 2017 U.S. Dist. LEXIS 72417 (N.D. Cal. May 11, 2017)............................................................................22

*Strumlauf v. Starbucks Corp.,*
2016 WL 3361842 (N.D. Cal. June 17, 2016) ................................................21

*Vess v. Ciba–Geigy Corp. USA*
317 F.3d 1097 (9th Cir.2003)..........................................................................11

*Waldron v. Jos. A. Bank Clothiers, Inc.*
Civil Action No. 12-CV-02060 (DMC) (JAD), 2013 U.S. Dist. LEXIS 189191 (D.N.J. Jan. 28, 2013)....................................................................23

*Warner v. Tinder Inc.*
105 F. Supp. 3d 1083 (C.D. Cal. 2015)............................................................22

*Warren v. Fox Family Worldwide, Inc.*
328 F. 3d 1136 (9th Cir. 2003)...........................................................................5

*Whittlestone, Inc. v. Handi-Craft Co.*
618 F.3d 970 (9th Cir. 2010) ..........................................................................16

*Williams v. Gerber Prods. Co.*
552 F.3d 934 (9th Cir. 2008)...........................................................................15

*Wilson v. Frito-Lay North America, Inc.*
961 F. Supp. 2d 1134 (N.D. Cal. 2013) ........................................................7, 8

Sedgwick LLP

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

**STATUTES**

Bus. & Prof. Code § 17500 ................................................................15

Bus. & Prof. Code § 17501 ................................................................15

Cal. Bus. & Prof. Code § 17200 ..........................................................3

Cal. Bus. & Prof. Code § 17500 ..........................................................3

Cal. Civ. Code § 1750 ........................................................................3

Fed. R. Civ. P. 8 ................................................................................1

Fed. R. Civ. P. 9(b) ......................................................1, 10, 13, 14, 15

Fed. R. Civ. P. 12(b)(2) ......................................................................1

Fed. R. Civ. P. 12(b)(6) ..........................................................1, 10, 16

Fed. R. Civ. P. 12(g) ..........................................................................1

**OTHER AUTHORITIES**

5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure
§ 1216 (3d ed. 2004)........................................................................10

Article III of the United States Constitution.....................................5, 6, 20

Sedgwick LLP

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant J. Crew, Inc. requests that this Court dismiss Plaintiff Adam Press' Complaint in its entirety pursuant to Rules 8, 9(b), 12(b)(1), 12(b)(6), and 12(g) of the Federal Rules of Civil Procedure.

## I.  INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff is a customer of J. Crew Factory ("Factory"), who bought three shirts during a single visit to a Factory store. Each shirt was on sale from the price listed on its price tag (the "ticket price"). Plaintiff theorizes that the price on each tag—and on every other item sold in Factory and J. Crew Mercantile ("Mercantile")[1] stores—is a "fictional creation" used by J. Crew to trick customers into thinking that items are on sale, when in fact the items are never sold at their higher ticket prices. The problem is that Plaintiff alleges no facts to support this theory. His conclusory allegations that the "original" price of the shirts was "false and deceptive" are not sufficient to state a claim—the allegations in the Complaint are purely legal conclusions.

Plaintiff seeks to represent a class of all customers who have purchased any item from a California Factory or Mercantile store in the last four years. Plaintiff, however, lacks standing to bring such claims because he only purchased two specific styles of shirts—he cannot expand his claims to cover the wide range of "women's, men's, and children apparel, shoes, and accessories" sold by Factory and Mercantile (Complaint ¶ 1), which he admittedly never purchased. Moreover, Plaintiff does not claim to have ever even entered a Mercantile store, nor made any purchase there or relied on any Mercantile pricing.

In the alternative, Plaintiff's UCL, FAL, CLRA claims for restitution and injunctive relief should be dismissed in their entirety because an adequate remedy at

---

[1] Factory and Mercantile are two separate store formats, both distinct from J. Crew-branded "retail stores." (Complaint ¶ 26.) As Plaintiff notes, Factory stores are located at outlet malls, whereas Mercantile stores are "located at convenient retail shopping centers away from typical outlet malls." (*Id.* ¶ 1.)

law exists under the CLRA.  Regardless, Plaintiff lacks standing to seek injunctive relief, because he now purports to understand Factory and Mercantile pricing, and therefore is not at risk of being injured in the future.  Plaintiff's claims for restitution should also be dismissed because Plaintiff does not allege any basis for such relief.

## II.   PLAINTIFF'S ALLEGATIONS

### A.   What Is in the Complaint

According to the Complaint, on January 7, 2017, Plaintiff bought three shirts from the Factory store in the Camarillo Premium Outlets, for a total purchase price of $48.39. (Dkt. 1-4.) For each item Plaintiff purchased, the price tag listed a single price. The first shirt, a long-sleeve slim washed shirt in mini-gingham ("gingham shirt"), had a ticket price of $59.50; the other two shirts, both described as slim washed V-neck tee-shirts ("tee-shirts"), each had a ticket price of $19.50. (Complaint ¶ 35.) At the time of the purchase, the store was running a promotion for "40% - 60% Off Everything." (*Id.* ¶ 33.) According to signage in the store, the gingham shirt was advertised as being "Now Only $24.99," and the tee-shirts were being offered for "40% Off Ticketed Price," or $11.70. (*Id.* ¶ 37.) Plaintiff bought the gingham shirt for $24.99 and the tee-shirts for $11.70 each. (Dkt. 1-4)  His receipt listed the two prices for each item—the ticket price, and the lower amount that he actually paid—and at the bottom, indicated:  "You have saved $50.11." (*Id.* ¶ 38; Dkt. 1-4.)

Plaintiff's Complaint rests on his "belief" that Factory and Mercantile list items at a discount, when the items were never actually offered for their purported original price.  Plaintiff repeats this claim many times throughout the Complaint using boilerplate language, but never includes any specific facts to support the claim.  For example:

> "[Factory reference prices] are fictional creations intentionally designed to enable Defendant's phantom markdowns." (Complaint ¶ 7; *see also* ¶¶ 6.)

> "Defendant offers for sale J. Crew Factory and Mercantile Products designed and manufactured *exclusively* for sale in its

Sedgwick LLP

Factory Stores and Mercantile Stores, which means that such items were never sold – or even intended to be sold – at the Reference Price advertised on the price tags." (*Id.* ¶ 9, emphasis in original.)

"[T]he price on the price tags did not represent a true former price or the prevailing market retail price in the preceding three months for the products." (*Id.* ¶ 18.)

"Defendant continuously offered the subject shirts, like the vast majority of products … at discounted prices." (*Id.* ¶ 37.)

"Defendant artificially inflated the market price or value of the clothing and other items it sells, including the shirts purchased by Plaintiff." (*Id.* ¶ 40.)

Plaintiff claims that he was "lured in, relied on, and was damaged," as well as "personally victimized" as a result of Factory pricing. (*Id.* ¶ 18, 37.)

Plaintiff brings claims under the "unlawfulness" and "unfairness" prongs of California's Unfair Competition Law (UCL), Bus. & Prof. Code § 17200; California's False Advertising Law (FAL), Cal. Bus. & Prof. Code § 17500; and California's Consumer Legal Remedies Act (CLRA), Cal. Civ. Code § 1750. He purports to represent a class of "All persons who, while in the State of California … purchased … [products] at a purported discount off of the stated Reference Price on the price tag at any J. Crew Factory Stores and/or J. Crew Mercantile Stores…" (Complaint ¶ 49.)

Plaintiff claims to have served J. Crew with a CLRA notice letter on June 9, 2017, the same day the Complaint was filed, and states that "If Defendant fails to fully, completely and timely comply with Plaintiff's demand letter, Plaintiff will amend this Complaint to seek actual and punitive damages." (*Id.* ¶ 103-104.)

**B.    What Is Not in the Complaint**

The Complaint alleges no facts to support Plaintiff's contention that Factory and Mercantile merchandise, including the shirts purchased by Plaintiff, are never sold for their ticket prices. He touts the fact that his claims are supported by "an investigation

conducted on behalf of Plaintiff," (*Id.* ¶ 39), but offers no details about this alleged "investigation." Indeed, the Complaint dedicates a mere paragraph to discussing Plaintiff's alleged investigation, (*id.*), but that paragraph only repeats the same conclusory allegations found throughout the Complaint. Plaintiff claims that this investigation "confirmed that the 'Reference Price' … were [sic] never the prevailing market retail price in the preceding 90 days before Plaintiff's purchase," and "revealed that Defendant's deceptive advertising practices were systematic and pervasive," (*id.*), but offers no facts to support these conclusions. The Complaint does not say, for example, which or how many items were investigated, how many times those items were observed, or which stores (if any) were visited. Nor does Plaintiff allege that he investigated anything about the prices of the shirts he actually purchased.

The Complaint focuses heavily on Plaintiff's claim that some Factory and Mercantile items are not previously sold at J. Crew's full-priced stores (*see, e.g.* Complaint ¶ 9, 39), but this is a red herring. Plaintiff never claims to have even visited a full price store, so items sold in a full price store could not have influenced his beliefs here. Regardless, Plaintiff does not allege facts to support his claim that the shirts he purchased are manufactured solely for the Factory store. Nor does he not allege facts to support his claim that Factory and Mercantile products are of lower quality than goods sold at the full-priced stores. (Complaint ¶ 9.)

Plaintiff does not allege that the shirts are defective; that they have failed to satisfy his expectations in terms of how they look, fit, feel or how well they have lasted; or that they are otherwise worth less than the amount he paid.

Finally, although Plaintiff purports to bring claims based on pricing in both Factory and Mercantile stores, he does not claim to have ever shopped at Mercantile. He does not allege with any specificity what the pricing in Mercantile stores looks like, or that he has ever viewed such pricing. Instead, the Complaint merely describes Mercantile as being "located at convenient retail shopping centers away from typical outlet malls" and selling "essentially the same" merchandise as Factory stores.

(Complaint ¶ 1.)  The Complaint attaches photos of price tags and in-store signage (Dkt. 1-1, 1-2, 1-3), but does not specify whether the photos were taken in Factory or Mercantile stores, or if Plaintiff ever viewed them or relied upon them.   Finally, although Plaintiff claims that the "investigation" supports his conclusions as to Mercantile, he does not specify that he investigated Mercantile.

## III.   ARGUMENT

### A.   Plaintiff Lacks Standing to Represent the Vast Majority of the Putative Class

#### 1.   Federal Rule of Civil Procedure 12(b)(1)

Article III of the United States Constitution dictates that jurisdiction of the federal courts extends only to actual cases or controversies.  Plaintiff, as the party seeking to invoke jurisdiction, has the burden of establishing that jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To satisfy the Article III standing requirements, a plaintiff must allege:  (1) that he has suffered injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) the likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  When determining whether a plaintiff has established standing, the court need not accept legal conclusions in a complaint as true, even if "cast in the form of factual allegations." *Lacano Invs., LLC v. Balash,* 765 F.3d 1068, 1071 (9th Cir. 2014).  Where the face of the complaint does not demonstrate a basis for standing, the Court should dismiss the action. *Warren v. Fox Family Worldwide, Inc.*, 328 F. 3d 1136, 1139-40 (9th Cir. 2003).

#### 2.   Plaintiff Lacks Standing to Bring Claims on Behalf of Purchasers Who Bought Products Other than the Same Shirts He Did

Plaintiff bases this action on his purchase of three shirts (two of which are the

same style), but he purports to bring claims on behalf of a broad class of customers who purchased different items, at different prices, after enjoying different discounts. (*See* Complaint ¶ 1 – noting that Factory and Mercantile sell "women's, men's, and children apparel, shoes, and accessories"; ¶49 – defining putative class as "All persons who … purchased one or more J. Crew Factory and/or Mercantile Products at a purported discount off of the stated Reference Price on the price tag…".) Plaintiff lacks standing to bring claims regarding anything other than the specific shirts he purchased.

As this court explained in another false advertising case, a plaintiff "cannot expand the scope of his claims to include a product he did not purchase," because Article III and "[t]he statutory standing requirements of the UCL and CLRA are narrowly prescribed and do not permit such generalized allegations." *Hairston v. S. Beach Bev. Co.*, No. CV 12-1429-JFW (DTBx), 2012 U.S. Dist. LEXIS 74279, at *16 n.5 (C.D. Cal. May 18, 2012)(Walter, J.) (quoting *Johns v. Bayer Corp.*, 2010 U.S. Dist. LEXIS 10926, 2010 WL 476688 (S.D. Cal. Feb. 9, 2010)). Thus, "when a plaintiff asserts claims based both on products that [he] purchased and products that [he] did not purchase, claims relating to products not purchased must be dismissed for lack of standing." *Granfield v. Nvidia Corp.*, No. C 11-05403 JW, 2012 U.S. Dist. LEXIS 98678, at *18 (N.D. Cal. July 11, 2012) (citing *Carrea v. Dreyer's Grand Ice Cream, Inc.*, 2011 U.S. Dist. LEXIS 6371, 2011 WL 159380 (N.D. Cal. Jan 10, 2011), *aff'd on other grounds*, 475 Fed. Appx. 113, 2012 U.S. App. LEXIS 6851, 2012 WL 1131526 (9th Cir. Apr. 5, 2012); *Mlejnecky v. Olympus Imaging Am. Inc.*, No. 2:10 CV-02630 JAM, 2011 U.S. Dist. LEXIS 42333, 2011 WL 1497096, at *4 (E.D. Cal. Apr. 19, 2011)).

This rule is in-line with the California Supreme Court's decision in *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 311 (2011), which explained that to have standing, a plaintiff must allege an economic injury and must allege that the economic injury was caused by the defendant's unfair business practices. *See also Haskins v. Symantec Corp.*, 654 F. App'x 338, 339 (9th Cir. 2016) (affirming dismissal of UCL

and CLRA claims where plaintiff "did not allege that she read and relied on a specific misrepresentation by Symantec"); *Mlejnecky*, 2011 U.S. Dist. LEXIS 42333 at *12 (citing *Kwikset* as basis for dismissing claims as to products not purchased by plaintiff).

Based on this reasoning, another California district court recently dismissed pricing claims similar to Plaintiff's for lack of standing, to the extent they related to products that the plaintiff did not purchase. *See Nunez v. Saks Incorporated*, 2017 WL 1184058 *4 (S.D. Cal. March 22, 2017) (citations omitted). There, the plaintiff claimed that the "market" pricing and purported "phantom 'saving[s]'" in Saks OFF 5th stores deceived consumers into believing that the stores' merchandise was previously sold at full-priced Saks Fifth Avenue stores, when in fact the merchandise was made exclusively for Saks OFF 5th. The plaintiff purchased a single pair of shoes, but purported to bring claims on behalf of "all individuals who purchased (either in-store or online) a Saks Fifth Avenue labeled product from OFF 5th locations in California." *Id.* at *4. Echoing verbatim the language from *Hairston* and *John*, the court found that the plaintiff lacked standing to bring claims on behalf of customers who purchased anything other than the same shoes that he had purchased: "Plaintiff cannot expand the scope of his claims to include a product he did not purchase or advertisements relating to a product that he did not rely upon. The statutory standing requirements of the UCL and CLRA are narrowly prescribed and do not permit such generalized allegations." *Id.* at *5.[2]

---

[2] Although J. Crew contends that the bright-line rule—that Plaintiff lacks standing to bring claims as to products he did not purchase and representations he did not see—applies here, his claim would still fail if this court instead applied the "substantial similarity" test used by some courts, which requires the plaintiff to plead facts showing substantial similarity among purchased products in order to establish class standing. *Miller v. Ghirardelli*, 912 F. Supp. 2d 861, 872 (N.D. Cal. 2012); *Wilson v. Frito-Lay N. Am.*, 961 F. Supp. 2d 1134, 1141 (N.D. Cal. 2013). Plaintiff himself alleges that Factory and Mercantile stores sell "women's, men's, and children apparel, shoes, and accessories." (Complaint ¶ 1.) He does not, and cannot, allege that these products are similar to the products he purchased.

Sedgwick LLP

The Court should reach the same result here and dismiss any claims made on behalf of customers who purchased different products than the products purchased by Plaintiff.

### 3. At a Minimum, Plaintiff's Claims as to J. Crew Mercantile Must Be Dismissed and Stricken from the Complaint

If this Court finds that Plaintiff has standing as to products he did not purchase, it should still dismiss Plaintiff's claims as to items sold at Mercantile. Plaintiff has no more standing to bring claims as to Mercantile than he does to bring claims as to any other retailer that lists items on sale from a ticket price. Plaintiff does not claim to have ever entered, let alone shopped at, a Mercantile store, and lacks standing to bring claims on behalf of customers who did.

Courts routinely dismiss claims for lack of standing where the plaintiff purports to bring claims based on representations that he did not see or rely on. *See, e.g., Haskins v. Symantec Corp.*, 654 F. App'x 338, 339 (9th Cir. 2016) (affirming dismissal of UCL and CLRA claims where plaintiff "did not allege that she read and relied on a specific misrepresentation by Symantec").[3] Indeed, "[t]o demonstrate standing 'named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to

---

[3] *See also In re Ferrero Litig.*, 794 F. Supp. 2d 1107, 1112 (S.D. Cal. 2011) ("based on the allegations in the consolidated complaint, Plaintiffs did not actually rely on the statements on Nutella®'s website before making their purchases and lack standing to challenge these statements under the UCL, FAL, and CLRA."); *Reed v. NBTY, Inc.*, 2014 WL 12284044, at *7 (C.D. Cal. Nov. 18, 2014) ("It is undisputed that neither [Plaintiff] viewed the labels of NitroPump or NOS Pump or visited Defendants' websites prior to purchasing the Products ... the named plaintiffs do not have standing to pursue claims on the basis of representations made on the labels or on Defendants' websites."); *McCrary v. Elations Co., LLC*, No. EDCV 13-0242 JGB (OPx), 2013 U.S. Dist. LEXIS 173592, at *19-21 (C.D. Cal. July 12, 2013) (same); *Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1143 (N.D. Cal. 2013) (same).

which they belong and which they purport to represent.'" *In re Ditropan XL*, 529 F. Supp. 2d 1098, 1107 (N.D. Cal. 2007) (quoting *Lewis v. Casey*, 518 U.S. 343, 347 (1996)); *see also In re Tobacco II Cases*, 46 Cal. 4th 298, 306 (2009) ("[A] class representative … must demonstrate actual reliance on the allegedly deceptive or misleading statements, in accordance with well-settled principles regarding the element of reliance in ordinary fraud actions.").

In *Branca v. Nordstrom, Inc.*, No. 14cv2062-MMA (JMA), 2015 U.S. Dist. LEXIS 99157, at *11 (S.D. Cal. Mar. 19, 2015), the court did not allow the plaintiff to base her claims on alleged misrepresentations from Nordstrom Rack's website, because the plaintiff did not claim to have ever viewed such representations:

> [T]o the extent Plaintiff's claims arise from Nordstrom's website or from the Nordstrom Rack name itself, the Court finds Plaintiff has not sufficiently alleged economic injury or actual reliance for the purpose of standing. … Plaintiff does not allege that he observed-or was even aware of-Nordstrom Rack's website. Thus, Plaintiff alleges no facts to demonstrate, or even suggest, that he had would not have purchased the items absent the representations on the website.

*See also Azimpour v. Sears, Inc.,* Case No. 3:15-cv-02798-JLS-WVG, 2016 WL 7626188, *4 (S.D. Cal, Oct. 17, 2016) ("[E]ven though Plaintiff alleges that the pillow was advertised online at a similar price as of the filing of his FAC, Plaintiff does not allege that he viewed and relied on this advertisement…").

Like in *Branca* and *Azimpour,* Plaintiff here cannot bootstrap allegations as to channels where he has never shopped and representations that could never have caused him harm. Plaintiff does not claim to have ever shopped at Mercantile, nor does he allege that consumers would interpret Mercantile pricing the same way they would interpret Factory pricing. Indeed, he does not describe Mercantile pricing *at all*— instead, the Complaint merely states that "Mercantile stores [are] located at convenient retail shopping centers away from typical outlet malls," and that "The products sold at the J. Crew Factory Stores and Mercantile Stores are essentially the same." (Complaint

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

¶ 1.)  Plaintiff fails to provide any basis on which this court could find that he has standing to represent customers who made purchases at Mercantile stores.  Plaintiff's claims on behalf of Mercantile customers should be dismissed for lack of standing, and all references to Mercantile should be stricken from the Complaint.

### B.   Plaintiff Fails To State A Claim For Relief

#### 1.   Legal Standard Applicable Under Rule 12(b)(6)

In order to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of Facts that merely creates a suspicion [of] a legally cognizable right of action.")).  Furthermore, "Rule 8(a)(2) ... requires a showing, rather than a blanket assertion, of entitlement to relief." *Id*. at 556 n.3 (internal citations and quotations omitted).  Thus, "[w]ithout some Factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. (citing 5 Wright & Miller, *supra*, at § 1202). If the "plaintiffs ... have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id*. at 547.

Additionally, where claims allege a "unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of that claim, ... the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading ... as a whole must satisfy the particularity requirement of Rule 9(b)." *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1125-26 (9th Cir. 2009). "To satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *Cafasso*

*ex rel. United States v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks and citations omitted) (alteration in original). Rule 9(b) serves not only to give notice to the defendant of the specific fraudulent conduct against which it must defend, but also:

> [T]o deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some Factual basis.

*Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (internal citations and quotation marks omitted). A plaintiff alleging fraud "must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, ***and why it is false***." *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1188 (E.D. Cal. 2010) (quoting *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir.2003)) (emphasis added); *see also In re iPhone 4S Consumer Litig.*, No. 14-15487, 637 Fed. Appx. 414, 2016 U.S. App. LEXIS 3373, 2016 WL 758346, at *3 (9th Cir. Feb. 25, 2016); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) ("[A] plaintiff who makes allegations on information and belief must state the Factual basis for the belief.").

**2.    Plaintiff fails to Allege Facts to Support His Claim that J. Crew's Pricing is False**

Plaintiff's UCL, FAL, and CLRA claims all rest on his purported belief that the ticket prices on the shirts he purchased are "false," "deceptive," and/or "fabricated" because they were never sold for their reference price, (*see, e.g.* Complaint ¶ 1, 4), but he has not pled any facts to support these allegations. The Complaint does not reflect *any* effort by Plaintiff to determine whether the pricing on the shirts he purchased were inaccurate. Numerous courts have dismissed deceptive pricing complaints under Rules 8 and 9 for relying on the same conclusory allegations repeated throughout the

Complaint.[4]  This court should do the same here.

Plaintiff claims in vague terms that his allegations as to Factory and Mercantile pricing are supported by an "investigation conducted on behalf of Plaintiff" (Complaint ¶ 39), but Plaintiff has not pled a single detail about the investigation—let alone

---

[4] *See, e.g., Haley v. Macy's, Inc.*, No. 15-cv-06033-HSG, 2017 U.S. Dist. LEXIS 105469, at *8 (N.D. Cal. July 7, 2017) ("Plaintiffs allege 'on information and belief' that Defendants did not sell their products at the original or regular price… ***Plaintiffs cannot rely on such unsupported allegations*** of belief as a 'pretext for the discovery of unknown wrongs.'") (emphasis added); *Azimpour v. Select Comfort Corp.*, No. 15-4296(DSD/KMM), 2016 U.S. Dist. LEXIS 77126, at *6 (D. Minn. June 13, 2016) ("[Plaintiff's] allegations with respect to the fraudulent scheme are conclusory and speculative. [Plaintiff] provides some detail regarding his purchase of the pillow, but ***the complaint is utterly lacking any specific allegations to support the claim*** or a broader scheme to defraud… [Plaintiff] simply declares that there was a scheme to defraud consumers.") (emphasis added); *Dennis v. Ralph Lauren Corp.*, No. 16-cv-1056, 2016 WL 7387356 , at *4 (S.D.Cal., Dec. 20, 2016) ("Plaintiff d[id] not state a claim under the FAL, CLRA, or UCL, because [the] Plaintiff d[id] not allege facts to support an inference that the 'original or market' prices allegedly advertised by Defendant [we]re false."); *Barber v. DSW Inc.,* SACV 15-2024-JGB, at *7 (C.D. Cal. April 4, 2016) ("The FAC does not allege sufficient facts supporting any of [Plaintiff's] theories of liability. . . .***[T]he FAC only provides conclusory allegations*** that Defendant's comparative reference prices for its products do not reflect the manufacturer's suggested retail price or former prices offered by Defendant.") (emphasis added) (case subsequently voluntarily dismissed); *Branca v. Nordstrom, Inc.*, No. 14cv2062-MMA (JMA), 2015 U.S. Dist. LEXIS 99157, at *17 (S.D. Cal. Mar. 19, 2015) ("***Plaintiff fails to allege any facts, much less with particularity,*** demonstrating how Nordstrom intentionally yet falsely represented that the "Compare At" price listed on Nordstrom Rack's price tags constitute the former price at which Nordstrom or other retailers previously sold the item.") (emphasis added); *Mahfood v. QVC, Inc.*, No. SACV 06-0659 AG, 2007 U.S. Dist. LEXIS 103758, 2007 WL 9363986 at *4 (C.D. Cal. Feb. 7, 2007) (C.D. Cal. Feb. 7, 2007) ("[Plaintiff's] allegations do not state with specificity any facts relating to the alleged misrepresentation of the actual retail market prices of the items … Without more, Plaintiff's allegations that Defendant has made 'intentional misrepresentations' and 'failed to adequately disclose in a conspicuous manner material facts' relating to its pricing fail to state a claim under the heightened pleading standard of Rule 9(b).").

Sedgwick

84892270v4

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

sufficient facts to permit any inferences to be drawn. Plaintiff does not even claim that he or his investigator entered a single Factory or Mercantile store as part of this alleged investigation.

In the pricing context, other courts have rejected similar attempts by plaintiffs to frame their own conclusions as factual support for their claims. *See, e.g. Rael v. Dooney & Bourke, Inc.*, No. 16cv0371 JM(DHB), 2016 U.S. Dist. LEXIS 96175, at *9 (S.D. Cal. July 22, 2016) ("[Plaintiff's counsel] does not in any way specify the details of his investigation. … Did he visit the D&B website, and if so, on which dates? Which products, if any, are discounted beyond the 90-day period? Did he attempt to search for the handbag purchased by Plaintiff to determine if its pricing was false and if so, on what basis?"); *Rael v. New York & Company, Inc.*, No. 16-cv-369-BAS(JMA), 2016 U.S. Dist. LEXIS 180633, at *18 (S.D. Cal. Dec. 28, 2016) ("Even if the Court takes into account the new facts presented by [Plaintiff's counsel], his declaration does not specify a single detail of his alleged investigation. The declaration is simply a restatement of the conclusory allegations that Plaintiff states in her SAC."); *Sperling v. DSW Inc.*, No. EDCV 15-1366-JGB (SPx), 2016 U.S. Dist. LEXIS 11012, at *20 (C.D. Cal. Jan. 28, 2016) ("It is unclear from the SAC, however, *when* Plaintiff engaged in such 'independent investigation' and thus it is unclear if such investigation shows Defendants' comparative reference prices were deceptive.") (on appeal); *Jacobo v. Ross Stores, Inc.*, No. 15 Civ. 4701, 2016 U.S. Dist. LEXIS 86958, at *5 (C.D. Cal. Feb. 23, 2016) ("It is insufficient under Rule 9(b) to simply assert on 'information and belief' that 'the prevailing retail prices for the items [Plaintiffs purchased] were materially lower than the 'Compare At' prices advertised by Defendant.'"); *Haley v. Macy's, Inc.*, No. 15-cv-06033-HSG, 2017 U.S. Dist. LEXIS 105469, at *8 (N.D. Cal. July 7, 2017) ("allegations of fraud based on 'information and belief' do not satisfy the particularity requirements of Rule 9(b)"); see also *See In re Worlds of Wonder*, 694 F. Supp. 1427, 1432 (N.D. Cal. 1988) (statement that information and belief regarding fraud was based upon investigation made by plaintiffs by and through their attorneys did not sufficiently

state facts upon which belief was founded).

Of even greater significance, Plaintiff does not claim that his counsel investigated the shirts that Plaintiff actually purchased. Plaintiff offers no facts to support his conclusion that the shirts he purchased were never offered for sale at their list prices. Plaintiff's claims are deficient as such facts are required to satisfy Rules 8 and 9(b).

In both *Nunez v. Best Buy Co.*, 315 F.R.D. 245, 250 (D. Minn. 2016) and *Azimpour v. Sears, Inc.*, Case No. 3:15-cv-02798-JLS-WVG, 2016 WL 7626188, *7 (S.D. Cal, Oct. 17, 2016), the plaintiffs incorporated data from an independent study of the retailer defendants' sales practices, which tracked eight to ten randomly selected items from each retailer for 42 weeks. *Nunez*, 315 F.R.D. at 247. The plaintiffs pointed to the study as evidence that the retailers routinely sold products below the "original" price. *Id.* The courts each found that the study was insufficient to satisfy the plaintiffs' burden under Rule 9(b), because it did not address the items that the plaintiffs actually purchased. The *Nunez* court explained: "the CSS Study reports pricing trends for only eight items sold by Best Buy, and it does not include any information about the General Electric over-the-range microwave that Nunez bought... As such, the CSS Study lends little—if any—support to the allegation that $199.99 was not the true 'regular' price of the microwave Nunez purchased, because it simply does not address that product." *Id.* at 250; *see also Azimpour*, 2016 WL 7626188, *7 ("[T]he CSS Study cited by Plaintiff does not appear to contain data on the particular pillow purchased by Plaintiff, ... [and thus] does not substantiate Plaintiff's claims as to his pillow.").

Not surprisingly, courts have similarly required plaintiffs to investigate the items they purchased in cases where the plaintiff conducted his or her own investigation, rather than relying on an impartial, third-party study. *See Rael v. Dooney & Bourke*, 2016 U.S. Dist. LEXIS 96175, at *9 ("Did [the investigator] attempt to search for the handbag purchased by Plaintiff to determine if its pricing was false and if so, on what

Sedgwick LLP

-14-
CASE NO. 2:17-cv-04315-JFW-AGR
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

basis?"); *Jacobo*, 2016 U.S. Dist. LEXIS 86958, at *8 (citing *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)) (To allege a claim under the UCL, FAL, and CLRA, "[p]laintiffs must allege facts showing that *the advertisement in question* is misleading to the reasonable consumer.") (emphasis added).

Plaintiff's vague allegations concerning his investigation say nothing as to the shirts he purchased, nor does any other portion of the Complaint. Absent such facts, Plaintiff's Complaint must be dismissed.

Plaintiff's failure to provide any detail about Mercantile pricing, discussed above (Section III(A)(3)), provides an additional basis for dismissal under Rule 9(b) as to Plaintiff's Mercantile claims. *See Cafasso*, 637 F.3d at1055 ("To satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged....")

### 3.   Plaintiff's Other Claims Also Fail

Plaintiff does not state a claim for false advertising because he does not adequately allege that J. Crew made an "untrue and misleading" representation, let alone that they knowingly did so. Cal. Bus. & Prof. Code § 17500. Similarly, Plaintiff's claims under Bus. & Prof. Code §17501 fail because he does not allege *any* facts to show that the ticket prices for his shirts were not the prevailing prices within the preceding three months.

Plaintiff cannot state a claim under the UCL's "unfairness" or "unlawfulness" prongs, because he has not alleged any conduct by J. Crew that "offends an established public policy or ... is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers," *Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917, 939 (4th Dist. 2003), or that violates any underlying law, *Mehta v. Wells Fargo Bank, N.A.*, 737 F. Supp. 2d 1185, 1206 (S.D. Cal. 2010) (stating that an "unlawfulness" claim "stands and falls with the viability of [the] other claims."). Additionally, Plaintiff may not "use California law to engineer" a cause of action under the FTCA. *See O'Donnell v. Bank of America Nat. Ass'n.*, 504 Fed. Appx. 566, 568 (9th Cir. 2013)

("The district court rightly dismissed the unfair competition claim premised on Bank of America's alleged violation of the Federal Trade Commission Act. The federal statute doesn't create a private right action, and plaintiffs cannot use California law to engineer one.").

### C.   Plaintiff Is Not Entitled to Any of the Relief He Seeks

Where a cause of action allows for multiple forms of relief, and one such form of relief is barred as a matter of law, a court may dismiss or strike that prayer for relief under Rule 12(b)(6). *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010); *see also Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) (dismissal is appropriate where the complaint lacks a "viable legal theory.")

Plaintiff seeks restitution and injunctive relief under the UCL, FAL, and CLRA. However, these claims for equitable relief are barred, because Plaintiff does not claim that he does not have an adequate remedy at law—to the contrary, he intends to seek such remedy through a CLRA damages claim. Moreover, Plaintiff cannot establish that he is entitled to either form of relief. The Complaint must therefore be dismissed in its entirety.

### 1.   Plaintiff's Claims for Equitable Relief are Precluded Because He has an Adequate Remedy at Law

If this Court finds that Plaintiff has adequately stated a claim, Plaintiff's UCL, FAL, and CLRA[5] claims should still be dismissed because Plaintiff is currently seeking only equitable relief under these statutes, but has made clear that he plans to pursue "actual and punitive damages" under the CLRA. (*See* Complaint ¶ 104.) Although J. Crew disputes Plaintiff's claims, the CLRA offers Plaintiff an adequate remedy at law for the same purported injury on which Plaintiff brings his claims for equitable relief. Plaintiff's statements concerning his intent to pursue CLRA damages prevent him from

---

[5] The Complaint does not specify the remedies currently sought by Plaintiff under the CLRA, but the Complaint as a whole currently seeks only equitable relief. (*See* Prayer for Relief.)

Sedgwick LLP

establishing that there is no adequate remedy at law available to him.

It is well-established that "[e]quitable relief is not appropriate where an adequate remedy exists at law." *Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009); *see also Prudential Home Mortgage Co. v. Super. Ct.*, 66 Cal. App. 4th 1236, 1249 (1998) (same); *Martin v. Cnty of L.A.*, 51 Cal. App. 4th 688, 696 (1996); *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992) ("It is a basic doctrine of equity jurisprudence that courts of equity should not act ... when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.").[6] "A plaintiff seeking equitable relief in California must establish that there is no adequate remedy at law available." *Philips v. Ford Motor Co.*, No. 14-CV-02989-LHK, 2015 U.S. Dist. LEXIS 88937, at *52 (N.D. Cal. July 7, 2015) (citing *Knox v. Phoenix Leasing, Inc.*, 29 Cal. App. 4th 1357, 1368 (1994)); see also *Duttweiler v. Triumph Motorcycles (Am.) Ltd.*, No. 14-cv-04809-HSG, 2015 U.S. Dist. LEXIS 109805, at *26 (N.D. Cal. Aug. 19, 2015) ("[I]n order to demonstrate some entitlement to equitable relief, [he] was required to allege facts suggesting that damages under the CLRA alone would not provide adequate relief."); *Nguyen v. Nissan N. Am., Inc.*, No. 16-CV-05591-LHK, 2017 U.S. Dist. LEXIS 55501, at *13-*14 (N.D. Cal. Apr. 11, 2017) ("Plaintiff's allegations [regarding inadequacy of damages as a legal remedy] simply demonstrate that equitable remedies *exist*. Plaintiff fails to explain how damages are inadequate to compensate for Plaintiff's alleged harm.").

Apart from civil penalties, which are not at issue here, the UCL and FAL provide for only equitable relief. *Duttweiler*, 2015 U.S. Dist. LEXIS 109805, at *25 (citing *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003)); *see also*

---

[6] In seeking redress for a wrong, a litigant may obtain equitable or legal remedies. The "traditional" equitable remedy is an injunction. *eBay v. MercExchange, L.L.C.*, 547 U.S. 388, 390 (2006); *see also Fonseca v. Goya Foods, Inc.*, No. 16-CV-02559-LHK, 2016 U.S. Dist. LEXIS 121716, at *19 (N.D. Cal. Sep. 8, 2016). The "traditional" legal remedy is monetary damages. *Curtis v. Loether*, 415 U.S. 189, 196 (1974).

*In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 130 (2009) ("The remedies available in a UCL or FAL action are limited to injunctive relief and restitution."). Plaintiff also seeks equitable relief under the CLRA. (Complaint ¶ 97-104.)

Courts "routinely" dismiss claims for equitable relief under the UCL, FAL, and CLRA where the Plaintiff can pursue damages for the same conduct. *See, e.g., Duttweiler*, 2015 U.S. Dist. LEXIS 109805, at *26 (citing *Bird v. First Alert, Inc.*, 2014 U.S. Dist. LEXIS 176390, at *15 (N.D. Cal. Dec. 19, 2014) (dismissing UCL claim seeking restitution and an injunction "because [plaintiff] has an adequate remedy at law in her claim for damages under the CLRA")).[7] This is true even where a plaintiff attempts to plead equitable relief in the alternative. *Id.* (citing *Rhynes v. Stryker Corp.*, No. 10-cv-5619 SC, 2011 U.S. Dist. LEXIS 58286, 2011 WL 2149095, at *4 (N.D. Cal. May 31, 2011) ("Plaintiffs' argument that they will have no adequate remedy at law if their other claims fail is unavailing. Where the claims pleaded by a plaintiff *may* entitle her to an adequate remedy at law, equitable relief is unavailable.")).

One of the most recent of these decisions involves claims similar to Plaintiff's claims here. In *Munning v. Gap, Inc.*, the plaintiff alleged that retailer Banana Republic deceived customers by listing reference prices on its factory website that did not reflect items' former prices, because the items were made exclusively for the factory store.

---

[7] *See also Nguyen v. Nissan N. Am., Inc.*, No. 16-CV-05591-LHK, 2017 U.S. Dist. LEXIS 55501, at *10-*16 (N.D. Cal. Apr. 11, 2017) (dismissing UCL and unjust enrichment claims and CLRA injunctive relief claims because "Plaintiff has an adequate remedy at law in the form of Plaintiff's claims for damages [including CLRA damages]") (internal quotations omitted); *Adams v. I-Flow Corp.*, No. CV09-09550 R (SSx), 2010 U.S. Dist. LEXIS 33066, at *19 (C.D. Cal. Mar. 30, 2010) ("Injunctive relief under the [UCL]... is available only to plaintiffs who can establish that they have no adequate remedy at law for damages available to them."); *Durkee v. Ford Motor Co.*, 2014 U.S. Dist. LEXIS 122857, 2014 WL 4352184, at *3 (N.D. Cal. Sept. 2, 2014) (dismissing UCL claim and CLRA claim for injunctive relief where adequate remedy existed); *Philips,* 2015 U.S. Dist. LEXIS 88937, at *52 (same).

Sedgwick

No. 16-cv-03804-TEH, 2017 U.S. Dist. LEXIS 26459, at *3 (N.D. Cal. Feb. 24, 2017). The court dismissed with prejudice the plaintiff's claims for restitution and injunctive relief under the UCL, FAL, and CLRA, because the plaintiff's claim for damages provided an adequate remedy for her claims. *Id.* at *15, *reconsideration denied,* 2017 U.S. Dist. LEXIS 84270, at *6 (N.D. Cal. June 1, 2017). The court emphasized that its decision was supported by "numerous authorities" and that "no amendment can cure this deficiency." *Id.*

Here, Plaintiff cannot establish a lack of an adequate remedy, as is required to pursue equitable relief (*see Philips,* 2015 U.S. Dist. LEXIS 88937, at *52)—to the contrary, Plaintiff plans to pursue damages under the CLRA for the **exact same conduct** that forms the basis of his UCL, and FAL, and his claim for injunctive relief under the CLRA. Plaintiff's forthcoming claim for CLRA damages thus precludes him from seeking equitable relief in the form of restitution and injunctive relief under the UCL, FAL, or CLRA.

### 2. Plaintiff Lacks Standing To Seek Injunctive Relief Because He Will Not Be Deceived in the Future

Plaintiff lacks standing to seek injunctive relief, because he is no longer at risk of being deceived by J. Crew's pricing.

To maintain standing to seek injunctive relief, a plaintiff himself must demonstrate "a real and immediate threat of repeated injury." *Bates v. United Parcel Serv., Inc.,* 511 F.3d 974, 985 (9th Cir. 2007); *see also Gest v. Bradbury,* 443 F.3d 1177, 1181 (9th Cir. 2006). The Ninth Circuit has repeatedly found that a plaintiff lacks standing to seek injunctive relief in a false advertising case if he is not at risk of being deceived in the future. *Luman v. Theismann,* 647 Fed. Appx. 804, 806-07 (9th Cir. 2016) (affirming dismissal of CLRA and FAL claims because plaintiff did not allege that he would be injured by the allegedly deceptive advertisement in the future); *Perez v. Nidek Co.,* 711 F.3d 1109, 1114 (9th Cir. 2013) (affirming dismissal of CLRA claim when there was no allegation that plaintiff intended further use of service at

issue).

In the pricing context specifically, several courts have dismissed plaintiffs' claims for injunctive relief, where the plaintiff is no longer at risk of being deceived by the pricing at issue. For example, the court in *Taylor v. Nike* dismissed the plaintiff's claim for injunctive under the UCL and FAL because the plaintiff "can no longer be deceived" by the pricing practices at issue. No. 16-cv-661-MO, 2017 U.S. Dist. LEXIS 22875, *7-8 (D. Or. Feb. 17, 2017). The court explained:

> [Plaintiff's] economic injury is rooted in Nike's alleged deception; without such deception, she would not have purchased the merchandise or paid as much as she did. By virtue of her past injury, however, ***Ms. Taylor is now aware of any false pricing scheme*** in which Nike might be engaged. Therefore, she cannot demonstrate "the imminent prospect of future jury" because ***she can no longer be deceived***. [¶¶] … ***[A] body of law almost as old as the Republic requires this result***. Ms. Taylor has not demonstrated, nor can she demonstrate, that she has standing to seek injunctive relief under Article III. *Id.* (emphasis added.)

Similarly, in *Lucas v. Jos. A. Bank Clothiers, Inc.*, the court found that regardless of whether the plaintiffs planned to purchase the defendant's products in the future, they failed to "show there's a realistic threat that, in the future, they will rely on Jos. A. Bank's allegedly misleading pricing practices to their detriment." *Lucas v. Jos. A. Bank Clothiers, Inc.*, No. 14CV1631, 2015 U.S. Dist. LEXIS 61550, *13-14 (S.D. Cal. May 11, 2015). The court further explained:

> [I]f Plaintiffs consider purchasing [defendant's products] in the future, ***they do so with the knowledge that the "former prices" are inflated*** "100% of the time." They know they can always disregard [defendant's] inflated "former prices," and ***they are left with the same information that they'd have if the Court entered the requested injunction***: the merchandise and the offered price. Plaintiffs are able to evaluate [defendant's products] against the offered price, and a choice to purchase isn't induced by the exigency of an alleged sham "sale." ***Thus, Plaintiffs haven't alleged an injury that's curable by an injunction.***

*Id.* (emphasis added); *see also Haley v. Macy's, Inc.*, 2017 U.S. Dist. LEXIS 105469,

Sedgwick LLP

at *10 (N.D. Cal. July 7, 2017) ("It is implausible that Plaintiffs risk being harmed by the same pricing scheme again now that they are aware of how it works"); *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 741 (7th Cir. 2014) (same).[8]

Here, Plaintiff repeatedly alleges that he now believes that Factory and Mercantile merchandise is made exclusively for Factory stores, and that an item's ticket price is not an actual former price or a prevailing market price. He is not at risk of being deceived by Factory or Mercantile pricing in the future (indeed, he does not claim to have ever been deceived by Mercantile pricing), and lacks standing to seek injunctive relief.

Plaintiff states that he "would purchase Defendant's products in the future from J. Crew Factory Stores or J. Crew Mercantile Stores, if price tags accurately reflect 'former' prices and discounts," (*see* Complaint ¶ 48), but this bare assertion is irrelevant. "[A] plaintiff may not manufacture standing for injunctive relief simply by expressing an intent to purchase the challenged product in the future." *Rahman v. Mott's LLP*, No CV 13-3482, 2014 U.S. Dist. LEXIS 147102, at *17-18 (N.D. Cal. Oct. 15, 2014); *see also Khasin v. R. C. Bigelow, Inc.*, No. 12-cv-02204-WHO, 2016 U.S. Dist. LEXIS 42735, at *14 (N.D. Cal. Mar. 29, 2016) (same). Moreover, Plaintiff's claim contradicts his allegation that he "Plaintiff would not have purchased those items in the absence of Defendant's misrepresentations." (Complaint ¶ 73.) If Factory were to stop advertising percent-off discounts, leaving only the "ticket price," Plaintiff would not purchase the same merchandise in the future.

---

[8] These decisions are in line with other false advertising cases. *See, e.g., Nguyen v. Medora Holdings, LLC*, No. 5:14-cv-00618-PSG, 2015 U.S. Dist. LEXIS 109125, at *21 (N.D. Cal. Aug. 18, 2015) ("The court gives Plaintiffs more credit than to understand that they are at risk of being duped again by a label they now understand"); *Main v. Gateway Genomics, LLC*, No. 15cv2945 AJB (WVG), 2016 U.S. Dist. LEXIS 183034, at *21 (S.D. Cal. Aug. 1, 2016) (same); *Strumlauf v. Starbucks Corp.*, 192 F. Supp. 3d 1025, 1030 (N.D. Cal. 2016) (same); *Algarin v. Maybelline*, 300 F.R.D. 444, 458 (S.D. Cal. 2014) (same).

### 3.   Plaintiff Is Not Entitled to Restitution

Plaintiff's claims for restitution under the FAL, UCL, and CLRA are also inappropriate here.

Where a plaintiff receives something equal to or greater in value than the amount he paid for it, that plaintiff has not suffered any financial loss, and restitution is unavailable. *In re Tobacco Cases II*, 240 Cal. App. 4th 779, 801-02 (2015).   In *Tobacco II*, the Court of Appeal held that the trial court "lacked discretion to award restitution" because "plaintiffs did not establish any price/value differential . . . ." *Id.* at 802; *see also Chowning v. Kohl's Dep't Stores, Inc.*, No. CV 15-08673 RGK (SPx), 2016 U.S. Dist. LEXIS 37261, at *37 (C.D. Cal. Mar. 15, 2016) (C.D. Cal. Mar. 15, 2016) (holding that a plaintiff cannot state a claim for restitution "as long as the retail value of the items is higher than the price charged"); *Stathakos v. Columbia Sportswear Co.*, No. 15-cv-04543-YGR, 2017 U.S. Dist. LEXIS 72417, at *35 (N.D. Cal. May 11, 2017) ("plaintiffs undeniably obtained some benefit or value from the products they purchased from defendants, separate and apart from the value they thought they were receiving based on the allegedly deceptive price tags. The proposed measure of restitution fails to account for that benefit, and is, therefore, impermissible under California law."). "To determine Plaintiff's loss for purposes of restitution, the focus should be on what Plaintiff *actually received* given the price she paid, not on the bargain Plaintiff *thought she was receiving*." *Chowning*, 2016 U.S. Dist. LEXIS 37261, at *37 (emphasis in original); *Stathakos*, 2017 U.S. Dist. LEXIS 72417, at *33 (accord).

Plaintiff does not allege that the shirts he purchased were damaged or otherwise worth less than what he paid for them or even that he tried but was unable to return the merchandise.   Because Plaintiff does not allege any basis on which restitution could be rewarded, his claims should be dismissed. *See Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083, 1095 (C.D. Cal. 2015) (dismissing false advertising claim because "Warner does not allege that … [the product] was worth less than what he paid for it.   He has

therefore not pled that he suffered a loss capable of restitution under the FAL or UCL.").

Numerous courts addressing similar deceptive pricing claims have disposed of actions where the plaintiff could not plead or prove that the items he or he purchased were worth less than the amounts he or he paid. *See, e.g., Shaulis v. Nordstrom, Inc.,* No. 15-2354, 2017 U.S. App. LEXIS 13545, at *1 (1st Cir. July 26, 2017); *Kim v. Carter's Inc.,* 598 F.3d 362, 365 (7th Cir. 2010); *Belcastro v. Burberry Ltd.,* No. 16-CV-1080 (VEC), 2017 U.S. Dist. LEXIS 26296, at *16 (S.D.N.Y. Feb. 23, 2017); *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 2014 U.S. App. LEXIS 14871, 2014 WL 3765935 (7th Cir. Aug. 1, 2014); *Johnson v. Jos. A. Bank Clothiers, Inc.,* No. 2:13-cv-756, 2014 U.S. Dist. LEXIS 115113, at *19 (S.D. Ohio Aug. 19, 2014); *Waldron v. Jos. A. Bank Clothiers, Inc.,* Civil Action No. 12-CV-02060 (DMC) (JAD), 2013 U.S. Dist. LEXIS 189191, at *15 (D.N.J. Jan. 28, 2013).

## IV.   CONCLUSION

For the foregoing reasons, J. Crew respectfully requests that the Court grant its motion to dismiss with prejudice. The Parties discussed these issues at length in their 7-3 conference (*see* Dkt. 24), and Plaintiff chose not to amend. This indicates that there are no amendments here that could "cure a curable defect." (Standing Orders, 5(b).) The purpose of the 7-3 conference is to allow the plaintiff to address the defendant's arguments, without wasting the Parties' and this Court's time on a motion that "could [have been] avoided." (*Id.*) Plaintiff should not be given a second bite at the apple after declining to address these issues earlier.

DATED: August 4, 2017          SEDGWICK LLP

By: /s/ **Stephanie Sheridan**
      Stephanie Sheridan
      Anthony Anscombe
      Meegan Brooks
      Attorneys for Defendant
      J. CREW, INC.